MARY ELIZABETH CONNOR, Plaintiff-Appellee, v. LINDA K. SHAW, Defendant (The Department of Public Aid, Intervening Appellant).

Fifth District   No. 5—84—0454

Opinion filed November 8, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Vincenzo Chimera, Assistant Attorney General, both of Chicago, of counsel), for appellant.

Joseph W. Hickman, of Benton, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The Department of Public Aid appeals from a judgment of the circuit court of Franklin County denying in full its lien claim for medical expenses paid on behalf of plaintiff, Mary Connor, prior to settlement of her personal injury action. The claim was denied after the circuit court refused to admit into evidence the Department's certification regarding direct medical payments. The sole question on this appeal is whether the circuit court erred in so excluding the certification. We conclude that it did, and therefore reverse and remand with directions.

The facts underlying this appeal are not in dispute. On February 5, 1981, a jury awarded plaintiff $150,000 for personal injuries she sustained in an automobile accident which occurred September 18, 1976. Thereafter, on June 3, 1982, the circuit court found this award to be excessive and ordered a new trial on the issue of damages. The Department was granted leave to intervene in plaintiff's case two months later, on August 16, 1982. Intervention was permitted pursuant to section 11—22 of the Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 11—22), which entitles the Department to a charge, or lien, "upon all claims, demands and causes of action for injuries [to a public aid recipient] for the total amount of medical assistance provided the recipient from the time of injury to the date of recovery upon such claim, demand or cause of action."

Just before the second trial on damages was set to begin, plaintiff settled her case for $30,000. On March 28, 1984, plaintiff moved for an adjudication of the Department's statutory lien claim against her settlement recovery. Plaintiff's motion was heard on April 4, 1984, at which time the Department formally offered into evidence its certification regarding direct medical payments as proof of the medical expenses it paid on plaintiff's behalf. The body of the certification reads as follows:

"I, Gregory L. Coler, Director of the Illinois Department of Public Aid under the authority of Section 10—13.4 of the Public Assistance Code of Illinois do hereby certify that the Following Direct Medical Payments in the total amount· of $4,069.21 charged to the assistance payment account of Mary E. McMullen [Connor] 4—36—8495 were paid in his or her behalf: from July 13, 1978 through August 7, 1982.

The attached sheets show the medical expenses paid by the Department on behalf of Mary E. McMullen [Connor] totals

$4,069.21. These sheets are the legal records of the Department, and provide the information from which the charge is figured.

The records of these payments are now on file in the offices of The Illinois Department of Public Aid and as such are a part of the records and files under my keeping as Director of the Illinois Department of Public Aid."

The certification is dated March 8, 1984, and bears the stamped, facsimile signature of Gregory L. Coler, Director of the Department.

Attached to the certification are 19 pages of documents. These documents are photocopies of the Department's microfiche records which, as indicated in the certification, list the medical payments made on plaintiff's behalf from July 13, 1979, subsequent to the injuries giving rise to her lawsuit, through August 7, 1982, prior to the settlement of that suit. These documents also itemize payments made by the Department on behalf of plaintiff's daughter, Nicole. However, manual notations have been made on the documents to differentiate payments attributable to Nicole from those attributable to plaintiff, and handwritten subtotals are provided on each page as an aid to the court to show only those amounts claimed for medical payments on behalf of plaintiff. The Department offered no further evidence in support of its lien claim.

Plaintiff objected to the admissibility of the Department's certification and the attached documents on the grounds that they were not competent evidence of the facts asserted therein. After the circuit court heard arguments by counsel, plaintiff's objection was sustained, and judgment was entered in favor of plaintiff. In a "judgment order" filed on June 27, 1984, the circuit court subsequently found "that the State of Illinois, Department of Public Aid has failed to prove and establish its lien and that such lien fails and should be denied." The court also denied the Department's motion to reconsider. This appeal followed.

The Department contends that its certification, with attachments, is admissible into evidence and competent proof of its lien against plaintiff's settlement recovery pursuant to section 10—13.4 of the Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 10—13.4). We agree. That statute expressly provides:

"The books, papers, records and memoranda of the Illinois Department [of Public Aid] or of the administrative enforcement unit, or parts thereof, may be proved in any hearing, investigation, or legal proceeding by a photostatic or other copy thereof under the certificate of the Director of the Illinois De-

partment. Such certified copy shall, without further proof, be admitted into evidence in the hearing before the Illinois Department or in any other legal proceeding."

Plaintiff attempts to avoid the plain language of this statute by arguing that neither the handwritten notations and subtotals, nor the microfiche documents themselves, constitute actual "records" of the Department. Plaintiff's view is that these, at best, are merely third party summaries or "records of records." Apparently plaintiff believes that the Department was obligated to offer copies of the actual documents underlying these records. This contention is without merit.

■ Section 10—13.4 of the Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 10—13.4) does not require the Department to produce copies of every document utilized in every payment to a public aid recipient. The reason is straightforward. What gives reliability to certifications made under that statute is not the detail of the supporting documentation, but the fact that they are attested to by a public official, the director, in connection with performance of his statutory duties. Thus, in *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 401 N.E.2d 639, this court specifically held that even a typed summary of expenditures, when properly certified by the Director of the Department, was sufficient to meet the requirements of the statute. The language of the certification here is drawn almost verbatim from that at issue in *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 401 N.E.2d 639. Under these circumstances, and considering the vastly more comprehensive documentation submitted in this case, to accord the Department's certification any less weight would indeed be anomalous.

■ Plaintiff next argues that the Department's certification, with attachments, was properly excluded by the circuit court for failure to comply with the requirements of section 8—401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 8—401). Plaintiff cites no authority for this proposition, and we believe the statute to be inapplicable. Section 8—401 (Ill. Rev. Stat. 1983, ch. 110, par. 8—401) deals with the admissibility of account books or records, or copies thereof, kept in the usual course of business, where a claim or defense is founded upon a book account or other record. As we held in *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 400, 401 N.E.2d 639, 643, however, "We are not concerned [here] with transactions entered into in the ordinary course of business. The adversarial aspects of the market place are missing.

Rather, we are concerned with the conduct of governmental affairs by an agency of State government. Their activities *** are fixed and determined by statute." What does apply here is the public records exception to the hearsay rule, recognized at common law. The Department's certification, with attachments, is clearly admissible under this exception, just as it is under section 10—13.4 of the Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 10—13.4). See *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 397, 401 N.E.2d 639, 641.

Plaintiff offers a number of subsidiary arguments to justify the circuit court's judgment, but we have carefully reviewed the record and the controlling law and find them to be likewise without merit.

■ For the foregoing reasons, we conclude that the Department's certification is admissible into evidence and competent proof of the Department's lien claim against plaintiff's settlement recovery. Accordingly, the order of the circuit court is reversed, and the case is remanded for a proper adjudication of the Department's lien pursuant to section 11—22 of the Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 11—22). In this adjudication, the circuit court may not refuse to recognize the probative value of the Department's certification. (See *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 396, 401 N.E.2d 639, 641.) To the contrary, the circuit court must allow the full amount of the lien sought by the Department, as documented in its certification, unless plaintiff meets her burden of producing evidence sufficient to support a lien reduction. See *Jackson v. Thatcher* (1980), 80 Ill. App. 3d 876, 880, 400 N.E.2d 608, 612.

Reversed and remanded with directions.

KARNS and WELCH, JJ., concur.