*In re* ESTATE OF LENA TUNNELL, Deceased, d/b/a Uniform Center and Deluxe Cafe (The Department of Employment Security, Petitioner-Appellant, v. Estate of Lena Tunnell, Respondent-Appellee).

Fifth District   No. 5—89—0562

Opinion filed March 25, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Linda J. Hay, Assistant Attorney General, of Chicago, of counsel), for appellant.

William C. Evers III, of Collinsville, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Department of Employment Security, appeals from a judgment of the circuit court of Madison County (probate division) denying its claim against respondent, estate of Lena Tunnell, for unpaid unemployment contributions. In this cause, petitioner asserts that the circuit court erred in refusing to admit its documentary exhibits into evidence. We reverse and remand.

Petitioner issued seven determinations and assessments (D & A's) against decedent, Lena Tunnell, before her death, for unpaid unemployment contributions. These D & A's and demand for payment were sent to decedent by registered mail, return receipt requested. Each D & A stated in bold-face capital letters, "**IF YOU DO NOT AGREE WITH THIS DETERMINATION AND ASSESSMENT, A WRITTEN PROTEST AND PETITION FOR A HEARING MUST BE FILED BY YOU WITHIN TWENTY (20) DAYS FROM THE DATE OF THIS NOTICE, OR THE DIRECTOR'S DETERMINATION AND ASSESSMENT WILL BECOME FINAL.**"

In support of the claim against the estate, the Commissioner of Unemployment Compensation issued two certificates attesting that all documents, including attached copies of the D & A's, were true and correct copies of petitioner's records. At a hearing on June 21, 1989, petitioner attempted to admit the certificates and D & A's into evidence. The circuit court refused to admit the exhibits, citing the Dead Man's Act (Ill. Rev. Stat. 1989, ch. 110, par. 8—201). Petitioner offered no other evidence or testimony, and rested its case. The circuit court then denied petitioner's claim for lack of evidence.

Petitioner asserts that the circuit court erred in denying its claim because it was based on final D & A's issued in compliance with the Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 300 *et*

*seq.*) which are admissible in probate proceedings. Petitioner specifically argues that any documents certified by the Commissioner of Unemployment Compensation to be true and correct are admissible in the same manner as public documents. (Ill. Rev. Stat. 1989, ch. 48, par. 702.) In the Dead Man's Act, there is a statutory exception which admits any testimony competent under section 8—401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 8—401), which admits public documents. Petitioner argues that the certificates of the Commissioner and their attachments are admissible under this exception. Respondent replies that the probate court properly excluded the exhibits which were offered without foundation evidence.

■■■ The Dead Man's Act provides:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability, except in the following instances:

\* \* \*

(c) Any testimony competent under Section 8—401 of this Act, is not barred by this Section." (Ill. Rev. Stat. 1989, ch. 110, par. 8—201(c).)

Section 8—401 states that where a claim is based on a book account or other record or document, properly certified copies are admissible as original evidence. Copies of public records, papers or documents may be admitted in such a manner as well. (Ill. Rev. Stat. 1989, ch. 110, par. 8—401.) The certificates here were attested to by the Commissioner and under seal of petitioner pursuant to sections 2302 and 2306 of the Unemployment Insurance Act. (Ill. Rev. Stat. 1989, ch. 48, pars. 702, 706.) It is our opinion that the exhibits were admissible under the exception to the Dead Man's Act.

■■■ The Dead Man's Act protects the deceased from a particular type of hearsay. Public records and documents have long been held admissible as exceptions to the hearsay rule. As the court stated in *Department of Conservation v. First National Bank* (1976), 36 Ill. App. 3d 495, 344 N.E.2d 11:

"Generally stated, the rule is that all records and reports prepared by public officials pursuant to a duty imposed by law, or required by the nature of their offices, are admissible as proof of the facts stated therein, so far as they are relevant and ma-

terial to the particular inquiry, under an exception to the hearsay rule, even though they are not verified or authenticated by the person who made the entries. This exception to the hearsay rule rests in part upon the presumption that a public officer charged with a particular duty has performed it properly, and upon the fact that public officers usually have no motive to suppress or distort the truth or to manufacture evidence." (36 Ill. App. 3d at 504, 344 N.E.2d at 18.)

In *Connor v. Shaw* (1985), 138 Ill. App. 3d 429, 485 N.E.2d 1184, this court held that the admissibility of a department's certification with attachments is governed by section 8—401 as well as another more specific statutory exception. (138 Ill. App. 3d at 432-33, 485 N.E.2d at 1187.) It logically follows that as petitioner's certification with attachments is admissible under section 8—401, it is also admissible under the Dead Man's Act.

■ The certification being admissible, petitioner had made a *prima facie* showing of its claim in the amounts shown in the D & A's (see *Connor v. Shaw* (1985), 138 Ill. App. 3d 429, 485 N.E.2d 1184; *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 401 N.E.2d 639), and the circuit court on remand should give the certification its appropriate probative value. (See *Department of Public Aid v. Estate of Wall*, 81 Ill. App. 3d 394, 401 N.E.2d 639.) We therefore reverse the circuit court of Madison County and remand for further proceedings. See *Connor v. Shaw* (1985), 138 Ill. App. 3d 429, 485 N.E.2d 1184; *Jackson v. Thatcher* (1980), 80 Ill. App. 3d 876, 400 N.E.2d 608.

Reversed and remanded with directions.

RARICK, P.J., and HOWERTON, J., concur.