BETTY EASTMAN, Plaintiff-Appellant, v. THE DEPARTMENT OF PUB-
LIC AID *et al.*, Defendants-Appellees.

Second District   No. 2—88—0331

Opinion filed January 25, 1989.—Rehearing denied March 7, 1989.

Bernard H. Shapiro, of Prairie State Legal Services, of Rockford, and Linda A. Rothnagel, of Prairie State Legal Services, Inc., of Waukegan, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Mark A. Lichtenfeld, Special Assistant Attorney General, and James C. O'Connell, Assistant Attorney General, of Chicago, of counsel), for appellee Department of Public Aid.

Edward T. Duffy, of Department of Public Aid, of Chicago, appellee *pro se.*

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Betty Eastman, appeals from a judgment of the circuit court of Lake County which affirmed an Illinois Department of Public Aid (the Department) administrative decision that she had received an overpayment of food stamps. On appeal, plaintiff contends that the administrative decision was against the manifest weight of the evidence and was based on improperly admitted hearsay evidence.

In December 1986, the Department sent plaintiff, a public aid recipient, a notice advising her that she had received a $313 overpayment of food stamps in February 1985. Plaintiff was also advised of other assistance program overpayments; however, these are not at issue. Plaintiff filed a notice of appeal concerning the food stamp overpayment determination.

On February 29, 1986, an administrative appeal hearing was held before hearing officer Jeanette Miller. At the hearing, Department administrative assistant Arthur Pinzer testified that prior to February 1985, plaintiff had been a category eight aid recipient (food stamps only) and that in February 1985 she was transferred to category four

(cash assistance and food stamps). Upon transfer of a recipient to a new category, the Department cancels benefits under the old category in order to prevent duplication of benefits. Pinzer testified that the plaintiff's file contains data input forms prepared for the purpose of cancelling plaintiff's category eight case; however, something was wrong with the original February 1985 form, and it was rejected by the computer. Allegedly, category eight benefits were not suspended until March 1985. The data input forms were not offered into evidence and are not part of the record.

Pinzer offered into evidence copies of computer printouts referred to as food stamp ledgers. The printouts indicate that in February 1985, plaintiff was issued food stamps under category four and category eight. The ledgers indicate that food stamps were mailed from Springfield on February 1 and February 8 to a direct delivery agent, a currency exchange in Waukegan. The ledgers also indicate that neither of the food stamp issuances was returned to the Department.

Although the record is hazy, it appears that when food stamps are not picked up by a recipient, they are voided by the direct delivery agent. The agent notifies both Springfield and the local Department office, by returning originals or copies of voided signature cards. Loretta Claybourne, a financial unit supervisor for the Department, testified that she receives the voided signature cards, copies them, and gives copies to the appropriate caseworkers. She keeps the voided signature cards for six months. Pinzer testified that plaintiff's file did not contain a copy of a voided signature card. Both Pinzer and Claybourne testified that they were not involved in the preparation of information reflected on the food stamp ledgers.

Plaintiff testified that she did not remember picking up two sets of food stamps in February 1985. She testified that on one of the computer ledgers both her social security number and her address were incorrect.

Plaintiff's counsel objected to the admission of the food stamp ledgers on the grounds of hearsay and lack of foundation.

Following the hearing, the Department issued the hearing officer's findings of fact and the Department's final administrative decision. The hearing officer found that plaintiff had received two sets of food stamps in February 1985. There were no rulings on plaintiff's objections to the food stamp ledgers. The final administrative decision was an affirmance of the hearing officer's findings.

Upon administrative review, the circuit court of Lake County affirmed the Department's decision. The court ruled that the Department ledger is a public record and thus was admissible under the pub-

lic records exception to the hearsay rule. Plaintiff appeals the circuit court's affirmance of the Department's decision.

The thrust of plaintiff's argument is that the Department's case rests solely on the computer printout food stamp ledgers which are inadmissible as hearsay. Plaintiff also contends that even if the ledgers fall within an exception to the hearsay rule, the Department failed to lay a proper foundation for their admission into evidence. Defendant, on the other hand, contends that the printouts are public records and admissible as an exception to the hearsay rule.

This case involves evidentiary requirements in an administrative setting. We first examine whether food stamp disbursement records are hearsay.

■■ Section 11—8.4 of the Public Aid Code (Ill. Rev. Stat. 1987, ch. 23, par. 11—8.4) provides that at administrative hearings the Department "shall not be bound by common law or statutory rules of evidence, or by technical or formal rules of procedure."

Section 3—111(b) of the Administrative Review Law provides:

> "Technical errors in the proceedings before the administrative agency or its failure to observe the technical rules of evidence shall not constitute grounds for the reversal of the administrative decision unless it appears to the court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him or her." (Ill. Rev. Stat. 1987, ch. 110, par. 3—111(b).)

Although certain evidentiary requirements may be relaxed in an administrative proceeding, our courts have held that these statutes do not abrogate the fundamental rules of evidence. (*Jamison v. Weaver* (1975), 30 Ill. App. 3d 389, 396 (referring to the Public Aid Code section).) The rule against hearsay is a fundamental and not a technical rule. (*Novicki v. Department of Finance* (1940), 373 Ill. 342, 344.) Clearly, the hearsay evidence rule was not eliminated from administrative proceedings by these provisions.

The computer printouts, obviously not subject to cross-examination, were hearsay, and they would be inadmissible if they do not fall within an exception to the hearsay rule. We believe, however, that the records of food stamp disbursements fall within the public records exception to the hearsay rule.

■■ It is a well-settled exception to the hearsay rule that records kept by persons in public office, which they are required either by statute or by the nature of the office to maintain in connection with the performance of their official duties, are admissible in evidence and constitute evidence of those matters which are properly required to be

maintained and recorded therein. (*People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 461.) Such records are seen as inherently trustworthy based on the assumptions that public officers will perform their duties and are without motive to falsify. *People ex rel. Wenzel v. Chicago & North Western Ry. Co.* (1963), 28 Ill. 2d 205, 212.

Plaintiff argues that the Department is not statutorily required to keep food stamp ledgers or ongoing records of benefits issued and, thus, these records are not within the public records exception. Plaintiff's interpretation of the public records exception is too narrow.

■ First, the Department is statutorily required to keep records. The Department of Public Aid is the State agency charged with the responsibility for the administration of the Federal food stamp program. (89 Ill. Adm. Code 101.30(e) (1985).) As such, the Department is required to keep records on its administration of the program. Section 2020(a) of the Food Stamp Act of 1977 requires:

> "The State agency of each participating State shall assume responsibility for the certification of applicant households and for the issuance of coupons and the control and accountability thereof. There shall be kept such records as may be necessary to ascertain whether the program is being conducted in compliance with the provisions of this chapter." 7 U.S.C.A. §2020(a) (West 1988).

Second, disbursement records, even if they are not statutorily mandated, are most certainly required by the nature of the Department and its mission. The food stamps are disbursed by the Department's central office in Springfield. The central office maintains records of the disbursements, and these records are available to the local offices where the individual case files are located and serviced. Even if the ledger system used is not statutorily required, it is most certainly a reasonable and efficient method of maintaining records, especially considering that the food stamp program is a statewide program administered through a central office and numerous local offices. Ongoing records of disbursements would be necessary to assure statutory compliance, to monitor expenditure, and to service and adequately evaluate individual cases. The Department's records of food stamp disbursements are public records and are admissible as an exception to the hearsay rule. See *In re Guardianship of Smith* (1982), 109 Ill. App. 3d 786 (Department of Mental Health and Developmental Disabilities computerized summary of attendance records for mental health facilities admissible as public record).

Plaintiff also argues that the computer printouts were objectionable because foundational requirements for the admission of computer

records were not met.

■ Computer-generated records are admissible in evidence if it is shown that the electronic computing equipment is recognized as standard, the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded, and the foundation testimony satisfies the court that the sources of information, method and time of preparation were such as to indicate their trustworthiness and justify their admission. *Department of Mental Health v. Beil* (1976), 44 Ill. App. 3d 402, 409.

This rule has been applied to public records (*Beil*, 44 Ill. App. 3d 402) and business records (*Victory Memorial Hospital v. Rice* (1986), 143 Ill. App. 3d 621). It has been applied in administrative proceedings as well. *Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195.

■ Although the rule has most often been applied to computerized business records, it is clearly applicable to public records as well. Business records and public records are exceptions to the hearsay rule because of their routine nature and inherent trustworthiness. If computer records foundation requirements are applied to business records, they should apply equally to public records.

In an administrative setting, the computer records foundational requirements have been applied to business records. In *Grand Liquor* the administrative agency's failure to supply proper foundation for computer-generated business records was cause for remandment.

■ The Department clearly should have offered foundation testimony. The computer records were the only evidence indicating that the plaintiff had received a food stamp overpayment, and these were offered without any background which might tend to indicate the accuracy of the printouts. In fact, one of the printouts relied on contained clearly erroneous information. Plaintiff's social security number was incorrectly shown on the category eight printout. Although plaintiff stated that the address shown for her was also incorrect, it appears that she did live at the address at one time. Neither of the Department's witnesses had any knowledge of or involvement with the Department's computer and the input of data. The Department failed to present any foundation testimony tending to indicate the trustworthiness of the computer documents, documents known to contain error. Admission of the computer printouts into evidence without foundational testimony tending to indicate their reliability was error. Furthermore, the computer documents were the only evidence establishing a food stamp overpayment. Therefore, improperly admitting this evidence was not harmless, but substantial, error.

We reverse the judgment of the circuit court of Lake County and remand the cause to the Department of Public Aid for a new hearing consistent with the directions expressed herein.

Reversed and remanded with directions.

INGLIS and DUNN, JJ., concur.