*In re* ESTATE OF IDA A. ZANDER, Deceased (Roy W. Zander, Ex'r, Plaintiff-Appellant, v. The Department of Public Aid, Defendant-Appellee).

Fourth District    No. 4—92—0508

Opinion filed March 31, 1993.—Rehearing denied April 29, 1993.

Wilson & Lanto, of Rantoul (Paul R. Wilson, Jr., of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE COOK delivered the opinion of the court:

The Illinois Department of Public Aid (the Department) filed a claim against the estate of Ida Zander. The trial court ruled in favor of the Department. The estate appeals, complaining the Department's amended claim was filed without leave of court, and the court erred in admitting the certificate on the Department's claim and in overruling the estate's objection to computer-generated documents. We affirm.

Decedent Ida Zander died in Ford County Nursing Home on July 14, 1991. On August 12 the court entered an order admitting her will to probate and appointing an independent executor. On September 5 the Department filed a claim in the amount of $21,905.32. The claim stated that amount was incurred for "medical supplies and/or services from July 1989 through and including May 1991." The claim bore the typed name of Phil Bradley, Director of the Department (Director), and was manually signed by his duly authorized agent, Vernon W. Fitch. A supporting affidavit attached to the claim stated:

"Johnetta W. Jordan being first duly sworn, says that he [sic] is acting as an authorized representative of the ILLINOIS DEPARTMENT OF PUBLIC AID, of the State of Illinois, in making this affidavit, and that the above-named estate is indebted to the ILLINOIS DEPARTMENT OF PUBLIC AID, State of Illinois, in the sum of $21,905.32."

The claim also contained seven pages of computer-generated records purporting to show disbursements to decedent.

In its answer the estate maintained it could not ascertain the correctness of the claim nor could it determine what services were allegedly performed or by whom. Thereafter the Department filed an amended claim, without seeking leave of court. The amended claim stated the amount owed was actually $24,504.50 and contained a sworn statement itemizing the claim. This claim included a certificate bearing the facsimile signature of the Director, reproduced on the certificate by a stamp or some other mechanical means. The certificate stated that decedent had received direct medical payments from the Department and incorporated by reference 10 pages of attached computer-generated records.

At the January 30, 1992, hearing on the claim, the parties stipulated the computer-generated documents attached to the claim were computer printouts from the Department's records and that certain entries were deleted or marked out by hand after the records were printed. The independent executor still objected to the certificate, due to the Director's facsimile signature, and objected to the computer printouts because of lack of foundation. The court found the certification insufficient for admission of records of the Department under the Uniform Facsimile Signature of Public Officials Act (Act) (see Ill. Rev. Stat. 1991, ch. 102, pars. 61, 62), but overruled the objections to the computer printouts. The judge commented that if he were mistaken about the Act being applicable, then the Department's claim should be allowed, because the estate submitted no countervailing evidence and the certificate was otherwise admissible and proper.

The Department moved to reconsider, arguing admission of Department records was controlled by section 10—13.4 of the Illinois Public Aid Code (Code) rather than the Act. (Ill. Rev. Stat. 1991, ch. 23, par. 10—13.4.) After a hearing the court reversed its earlier ruling. The court agreed that the Code rather than the Act applied, noted that the estate's other objections to the certification were previously overruled, and entered judgment in favor of the Department.

■ The estate argues the amended claim, on which the trial court granted judgment, was a nullity, since the Department failed to seek leave of court to file it. Generally, amendments may be allowed at any time before final judgment on just and reasonable terms, in any matter. (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(a).) A party must first seek and obtain the court's permission in order to file a proposed amendment. (*First Robinson Savings & Loan v. Ledo Construction Co.* (1991), 210 Ill. App. 3d 889, 892, 569 N.E.2d 304, 306-07.) Amendments filed without leave of court are said to be a nullity which should be stricken.

(*Ghosh v. Roy* (1991), 208 Ill. App. 3d 30, 31, 566 N.E.2d 873, 874; *Condell Hospital v. Health Facilities Planning Board* (1987), 161 Ill. App. 3d 907, 935, 515 N.E.2d 750, 769.) "[T]he opponent must be given notice and an opportunity to present any objections to the application. [Citation.] This requirement of notice extends to all amendments, even those that seek simply to add to or otherwise increase the demands contained in the original complaint." *First Robinson Savings & Loan*, 210 Ill. App. 3d at 892, 569 N.E.2d at 307.

The Department contends that the estate waived this argument by failing to raise it in the trial court. (*Darnall v. City of Monticello* (1988), 168 Ill. App. 3d 552, 553, 522 N.E.2d 837, 838 ("[A]n issue not presented to or considered by the trial court cannot be raised for the first time on review").) Counsel for the estate argued that the amended claim's certificate was inadmissible because it did not comply with the Act, but never argued the Department failed to seek leave of court to file the amended claim. The provisions of section 2—616 of the Act requiring leave of court are directory, not mandatory, and accordingly may be waived by the parties. An adverse party is not harmed by a failure to obtain leave if there is no element of surprise or prejudice because of that failure. Here the estate, which had received a copy of the amended claim on or about December 3, 1991, made a full argument at hearing based on the content of the amended claim. Generally, questions not raised in the trial court are deemed waived and cannot be argued for the first time on appeal. (*In re Marriage of Harper* (1989), 191 Ill. App. 3d 245, 246-47, 547 N.E.2d 574, 575 (court's failure to make express findings waived); see also *In re Marriage of Kading* (1986), 150 Ill. App. 3d 623, 501 N.E.2d 971 (failure to attach affidavit waived).) If the argument had been made to the trial court, that court could have determined whether the Department should be allowed additional time to seek leave of court, whether the amendment should be rejected, or whether some lesser sanction should be imposed on the Department. We find the estate waived any argument that the amended claim is a nullity.

■ The estate next argues that the certificate accompanying the amended claim does not comply with the statute since the certificate contains a facsimile signature of the director. While "certificate" is not defined in the Code, the following definition is found in *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 397, 401 N.E.2d 639, 641:

> "In 14 C.J.S. 'Certificate' 111 (1939), a certificate is defined in its application in this case as:

'A certificate in its most general and widest sense has been defined as meaning a certain assurance of that which it states; a declaration in writing; an authoritative attestation ***.

* * *

Strictly speaking, a certificate by a public officer may be said to be a statement written and signed, but not necessarily or usually sworn to, which is by law made evidence of the truth of the facts stated for all or for certain purposes.' "

The estate submits that a certificate requires an actual endorsement and that a mechanically "stamped" signature is allowable only when there is evidence the mark was the personal imprint of the person certifying the document. The estate expresses concern that certificates such as the one here are unreliable, since a stamp could be accessible to virtually any employee of the Department. In *People v. Stephens* (1973), 12 Ill. App. 3d 215, 297 N.E.2d 224, the court upheld the validity of a magistrate's stamped signature given the magistrate's poor eyesight, his practice for many years of using a signature stamp, and his exclusive retention of the stamp in his personal possession. However, the court in *Stephens* further concluded that the intent of the person executing his signature, not the manner by which it is executed, determines the signature's validity. The court quoted with approval Black's Law Dictionary, which stated that a signature may be written by hand, printed, stamped, typewritten, engraved, photographed or cut from one instrument and attached to another. (*Stephens*, 12 Ill. App. 3d at 217-18, 297 N.E.2d at 226; see also *People v. Schumann* (1983), 120 Ill. App. 3d 518, 458 N.E.2d 182; Ill. Ann. Stat., ch. 26, par. 1—201, Uniform Commercial Code Comment 39, at 51 (Smith-Hurd 1963) ("The question always is whether the symbol was executed *or adopted* by the party with present intention to authenticate the writing" (emphasis added)).) *Stephens* is not authority for the proposition that the director must make a personal imprint on each certificate bearing his name.

The Director's facsimile signature would appear to be insufficient under the Act (Ill. Rev. Stat. 1991, ch. 102, par. 61 *et seq*). However, the provisions of that act only apply to the execution of instruments of payment or public securities. (See Ill. Rev. Stat. 1991, ch. 102, pars. 62, 63.) The trial court properly applied section 10—13.4 of the Code:

"Proof of Records. The books, papers, records and memoranda of the Illinois Department or of the administrative enforcement unit, or parts thereof, may be proved in any hearing, investigation, or legal proceeding by a photostatic or other copy thereof under the certificate of the Director of the Illinois Department. Such certified copy shall, without further proof, be admitted into

evidence in the hearing before the Illinois Department or in any other legal proceeding." Ill. Rev. Stat. 1991, ch. 23, par. 10—13.4.

In *Wall* the Department filed a claim for medical services which included a typed statement purporting to be a compilation from various documents of payments made by the Department. The typed statement was certified by the Director and bore his stamped facsimile signature. Although the issue discussed here was not specifically raised, the fifth district held that the certificate was sufficient to admit the typed statement. (*Wall*, 81 Ill. App. 3d at 397, 401 N.E.2d at 641.) The court concluded the certificate in question was admissible under both the common law exception to the hearsay rule applicable to public records and under section 10—13.4 of the Code. The court stated that section 10—13.4 of the Code "governs the proof of the claim in this case" and "giving consideration to the magnitude of the workload of the Department, it should be obvious that if the legislature intended to deviate in any respect from the common law rule, the intent was to expand it." (*Wall*, 81 Ill. App. 3d at 398-99, 401 N.E.2d at 642.) We further recognize the burden of requiring department heads to place their original signatures on (or personally stamp) all documents. The trial court properly ruled the Director's facsimile signature was sufficient under section 10—13.4 of the Code.

The estate finally contends the trial court abused its discretion in overruling its lack of foundation objection to the computer-generated records submitted with the claim. The parties' stipulation the records were in fact computer printouts from the Department's records would appear to waive that issue, but we also reject it on its merits.

When official records are available only in the form of computer records, a proper foundation is required before the computer records can be admitted into evidence, under the official records exception to the hearsay rule. (*Riley v. Jones Brothers Construction Co.* (1990), 198 Ill. App. 3d 822, 829, 556 N.E.2d 602, 606.) Under that exception, printout sheets of *business* records are admissible without testimony of the persons who made the entries if it is shown the equipment is recognized as standard, the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded, and the sources of information and method and time of preparation indicate its trustworthiness and justify its admission. (*People v. Turner* (1992), 233 Ill. App. 3d 449, 453-54, 599 N.E.2d 104, 108; *Eastman v. Department of Public Aid* (1989), 178 Ill. App. 3d 993, 998, 534 N.E.2d 458, 461.) In *Eastman*, a food stamp case, the second district ruled the Department should have offered foundation testimony where the computer records at issue were the only evidence indicating plaintiff had received an overpayment. (*Eastman*, 178 Ill. App. 3d at 998, 534 N.E.2d at 462.) The court found

that although certain evidentiary requirements may be relaxed in an administrative proceeding, the administrative statutes do not abrogate the fundamental rules of evidence such as hearsay. (*Eastman,* 178 Ill. App. 3d at 996, 534 N.E.2d at 460.) *Eastman,* however, did not mention section 10.13—4 of the Code and the documents there were not accompanied by a certificate of the Director. Section 10—13.4 of the Code provides that certified copies of Department records "shall, without further proof, be admitted into evidence." (Ill. Rev. Stat. 1989, ch. 23, par. 10—13.4.) We find the records were admissible under section 10—13.4 of the Code and the certificate of the Director provided any necessary foundation. See *Wall,* 81 Ill. App. 3d at 399, 401 N.E.2d at 642.

In arguing that the Department failed to lay a proper foundation under the applicable hearsay exceptions, the estate calls into question the accuracy and reliability of the records. The records contain handwritten computations and deleted figures and the estate argues the certificate does not cover these changes. However, similar manual notations were found admissible in *Connor v. Shaw* (1985), 138 Ill. App. 3d 429, 431, 485 N.E.2d 1184, 1186. The court in *Connor* found the Department's certificate, including the attachments, clearly admissible under section 10—13.4 of the Code, since "[w]hat gives reliability to certifications made under that statute is not the detail of the supporting documentation, but the fact that they are attested to by a public official, the director, in connection with performance of his statutory duties." (*Connor,* 138 Ill. App. 3d at 432, 485 N.E.2d at 1187.) The handmade notations in the instant case simply provide subtotals of the amounts for each page, computations which subtract credits from these amounts, and marks which delete duplicate claims.

The estate also argues information is suspect where records are retrieved from several computer files to create a new file presented as evidence. (*People v. Casey* (1992), 225 Ill. App. 3d 82, 587 N.E.2d 511.) However, unlike *Casey* where the investigator admitted he extracted bits of information from various computer files to create his own list and computer file, the documents here constitute the Department's entire file on the decedent with a few handwritten notations. The records here were not prepared in anticipation of litigation. We find the computer records certified by the Director were admissible pursuant to section 10—13.4 of the Code.

We affirm the judgment of the circuit court of Champaign County.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.