BILLY D. SAVAGE, Plaintiff-Appellant, v. MUI PHO, Defendant-Appellee.

Fifth District    No. 5—99—0341

Opinion filed April 7, 2000.

John J. Hopkins and Ted N. Gianaris, both of Hopkins, Goldenberg, P.C., of Granite City, for appellant.

George C. Lackey, of Lackey & Lackey, of Centralia, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Plaintiff, Billy D. Savage, appeals from the trial court's order granting defendant's, Dr. Mui Pho's, motion to dismiss his complaint for medical malpractice. The basis of the court's dismissal was that the order granting plaintiff's motion for leave to amend his complaint to add Dr. Pho as a defendant, obtained *ex parte* and without notice to the other defendants, was void. The court further held that plaintiff's amended complaint against Dr. Pho was a nullity. We reverse and remand.

## FACTS

Plaintiff received treatment, for a laceration of the palm of his right hand, in the emergency room of the public hospital of the town of Salem (the hospital) on October 14, 1996. Subsequently, plaintiff underwent surgery to correct a problem with his right hand that resulted from the improper treatment he received earlier at the hospital. Plaintiff filed a two-count medical malpractice complaint against the hospital and Dr. Sarnit Charnoud on August 24, 1998. Dr. Charnoud filed his answer to plaintiff's complaint on September 25, 1998, asserting that he did not treat plaintiff on October 14, 1996; however, plaintiff's medical records from the hospital's emergency room for October 14, 1996, reflected that Dr. Charnoud's name was typed in the space entitled "attending physician."

On October 6, 1998, Dr. Charnoud filed a motion for summary judgment, again asserting that he did not provide medical services to plaintiff on October 14, 1996. In Dr. Charnoud's affidavit attached to his motion for summary judgment, Dr. Charnoud stated that plaintiff's medical record from the hospital's emergency room for October 14, 1996, indicated that Dr. Mui Pho was plaintiff's attending physician on that date.

On October 8, 1998, two days after Dr. Charnoud's motion for summary judgment was filed, plaintiff filed a motion for leave to amend his complaint to add Dr. Pho as a defendant. Plaintiff made his amended complaint a part of his motion for leave to amend. The court granted plaintiff's motion for leave to amend *ex parte* and without a hearing the same day, October 8, 1998. Also on October 8, 1998, plaintiff mailed a copy of his motion for leave to amend, the order granting leave to amend, and the amended complaint to the attorneys for the hospital and Dr. Charnoud. Dr. Pho was personally served with the complaint and summons on October 14, 1998. Dr. Charnoud and the hospital each filed an answer to plaintiff's amended complaint. In their answers neither defendant objected to the lack of notice for plaintiff's motion for leave to amend or to the amended complaint. Following the filing of plaintiff's amended complaint, Dr. Charnoud also filed an amended motion for summary judgment.

On November 30, 1998, Dr. Pho filed a motion to dismiss plaintiff's complaint against him, asserting that the order was improperly obtained as no notice was given to the original parties either for plaintiff's motion for leave to amend or for the hearing conducted on the motion, in violation of the fourth judicial circuit's local rule 5—1. Dr. Pho also asserted in his motion to dismiss that plaintiff did not state the reason for the amendment or "show the materiality or propriety of the proposed amendment or explain why the proposed ad-

ditional matter had been omitted from earlier proceedings and was not supported by any affidavit." Dr. Pho asserted that the order granting leave to amend was void and that the amended complaint was a nullity, and he asked that service of summons on him be quashed.

Plaintiff objected to Dr. Pho's motion to dismiss, and in his memorandum in opposition to the motion, plaintiff stated that the matter was clearly an emergency motion, "one prompted by the press of the statute of limitations, permitted under Local Rule 5.2 [sic] and equally permissible under the appropriate civil practice and [s]upreme [c]ourt [r]ules."

On February 3, 1998, the trial court, following a hearing, granted Dr. Charnoud's motion for summary judgment and granted Dr. Pho's motion to dismiss. In so ruling, the trial court relied upon *First Robinson Savings & Loan v. Ledo Construction Co.*, 210 Ill. App. 3d 889 (1991), as dispositive of Dr. Pho's motion to dismiss. Plaintiff's claim against the hospital was settled, and an order stipulating to the dismissal of the hospital was entered on May 3, 1999. Plaintiff appeals only from the order granting Dr. Pho's motion to dismiss.

## ANALYSIS

Plaintiff contends that the trial court erred in granting Dr. Pho's motion to dismiss his complaint, because the facts of *First Robinson Savings & Loan* are factually distinguishable from the facts of his case. Alternatively, plaintiff states that if *First Robinson Savings & Loan* stands for the proposition that *ex parte* orders obtained on motions for leave to amend, without notice to the other defendants, are void, then plaintiff asks this court to either overrule *First Robinson Savings & Loan* or limit the case to its facts.

■ Rulings on motions to dismiss a complaint are reviewed on a *de novo* basis. See *Vala v. Pacific Insurance Co.*, 296 Ill. App. 3d 968 (1998). A *de novo* review of a dismissal includes an examination of the complaint and all evidentiary material before the trial court at the time of the entry of its order. See *Vala*, 296 Ill. App. 3d at 970. On review, an appellate court will construe the evidence and will draw all reasonable inferences in the light most favorable to the plaintiff. See *Vala*, 296 Ill. App. 3d at 970-71.

■ Section 2—616(a) of the Code of Civil Procedure provides that amendments to complaints may be allowed at any time before judgment, on just and reasonable terms. 735 ILCS 5/2—616(a) (West 1998); see *In re Estate of Zander*, 242 Ill. App. 3d 774 (1993). A court's decision to grant a motion for leave to amend is a matter within the discretion of the trial court. See *Selcke v. Bove*, 258 Ill. App. 3d 932 (1994). Section 2—616(a) is to be liberally construed so that cases are resolved

on their merits. See *Selcke*, 258 Ill. App. 3d at 937. The most important consideration is whether the allowance of the amendment furthers the ends of justice. See *Selcke*, 258 Ill. App. 3d at 937. Any doubts as to whether leave to file an amended complaint should be granted should be decided in favor of the allowance of the amendment. See *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927 (1997).

■ Generally, leave of court is required to file an amendment. However, section 2—616's requirement of obtaining leave of court is directory and not mandatory. See *Estate of Zander*, 242 Ill. App. 3d at 776-77. Thus, the requirement of obtaining leave of court may be waived by the parties. See *Estate of Zander*, 242 Ill. App. 3d at 777. In addition, under Supreme Court Rule 104(d), the failure to serve notice on a nonmoving party renders an order based upon the motion voidable rather than void. 134 Ill. 2d R. 104(d); see *In re Rehabilitation of American Mutual Reinsurance Co.*, 238 Ill. App. 3d 1 (1992). "The determining factor is not the absence of notice but whether there was any harm or prejudice to the nonmoving party." *In re Rehabilitation of American Mutual Reinsurance Co.*, 238 Ill. App. 3d at 11. It is when the failure to serve notice prevents a party from appearing and denies the party an opportunity to be heard or to respond, thereby denying a party's procedural due process rights, that an *ex parte* order entered without notice may be deemed null and void. See *People ex rel. Hamer v. Jones*, 39 Ill. 2d 360 (1968); *In re Estate of Gustafson*, 268 Ill. App. 3d 404 (1994). Further, a party may waive his right to notice by subsequently appearing and not objecting after the *ex parte* order is entered. See *People ex rel. Hamer*, 39 Ill. 2d at 372.

■ Supreme Court Rule 21(a) grants circuit courts the power to adopt local rules governing civil and criminal cases, including motion practice. 134 Ill. 2d R. 21(a); see *Phalen v. Groeteke*, 293 Ill. App. 3d 469 (1997). Whether to grant a motion pursuant to local rules is a matter left to the discretion of the trial court. See *Phalen*, 293 Ill. App. 3d at 470.

Having set forth the applicable principles, we now consider whether the trial court's dismissal of plaintiff's complaint as to Dr. Pho was proper. In the trial court's order, the court stated in pertinent part as follows:

"On Oct. 8, 1998[,] [plaintiff] filed [a] [m]otion to add this [defendant]. No notice was provided and a proposed order was attached. On Oct. 8, 1998[,] the court granted the motion ex parte [without] any hearing. No showing was made in the [motion] or before the court as to the materiality of the amendment. Further, other than that the [statute of limitations] was to expire in 6 days there is nothing to suggest, nothing was alleged, that this was an emer-

gency motion that might have been considered ex parte. Indeed, Oct. 8, [1999][,] was a Thursday and civil court was held that day, on Friday[,] and [on] the following Tuesday before the [statute of limitations] would run. In *First Robinson [sic] v. Ledo*, 210 [Ill. App. 3d] 889[,] an ex parte order was entered allowing amendment. The fifth district sets out form and notice requirements which 'extends [*sic*] to all amendments, even those that seek simply to add to ... the demands.' *** It is common practice to grant certain routine motions ex parte. These sometimes include [motions] to amend in face of a [motion] to [d]ismiss or [motions] to compel discovery. The risk to movant [*sic*] is slight and expectedly any objections will be waived. Nonetheless, the requirements as set out in *First Robinson* were not met herein. The order was obtained ex parte and was void.

Count III is therefore dismissed as having been filed [without] leave[,] and service on [defendant] is quashed."

It is readily apparent that the trial court in the case *sub judice* relied on *First Robinson Savings & Loan*, 210 Ill. App. 3d 889, in granting Dr. Pho's motion to dismiss. In *First Robinson Savings & Loan*, the defendant filed a counterclaim against a third party *ex parte*, after the statute of limitations had run, without leave of court, and without notice to the original plaintiffs. A reading of *First Robinson Savings & Loan* reveals that the case is limited to its facts. We disagree with the holding in *First Robinson Savings & Loan* that an order obtained *ex parte* and without notice, without more, is void. We decline to follow *First Robinson Savings & Loan* for the reasons set forth below.

The facts of the case *sub judice* are distinguishable from the facts of *First Robinson Savings & Loan*. In the instant case, plaintiff asserted in his memorandum filed in opposition to Dr. Pho's motion to dismiss that his motion for leave to amend was an emergency motion and that plaintiff followed the notice and hearing requirements set out in the fourth judicial circuit's local rule 5—2. Under local rule 5—2(b), emergency motions may be made *ex parte* and may, at the discretion of the court, be heard without calling the motion for a hearing. Additionally, local rule 5—2(c) provides that if a motion has been heard without prior notice, written notice—including the title and number of the case, the name of the judge who heard the motion, the date of the hearing, and a copy of the order entered on the motion—may be served upon the attorneys of record after the fact, provided proof of service is filed with the clerk within two days after the hearing.

The trial court herein determined that plaintiff's motion for leave to amend failed to show the materiality of the amendment and was

not an emergency motion, since there were three working days left before the statute of limitations would run and plaintiff did not identify his motion as an emergency. However, the trial court also noted that it is common practice to grant certain routine motions *ex parte*, among them motions for leave to amend, when faced with a dismissal because of the running of the statute of limitations. The court further noted that these types of motions are granted *ex parte* when the risk to the nonmoving party is slight and when it appears that any objection to the motion is likely to be waived. We find that plaintiff's motion for leave to amend reflected the materiality of the amendment and qualified as an emergency motion.

██ Essentially, the character of a motion should be determined from its content, and a court is not bound by the title of a document given by a party. See *People ex rel. Ryan v. City of West Chicago*, 216 Ill. App. 3d 683 (1991); *Klairmont v. Elmhurst Radiologists, S.C.*, 200 Ill. App. 3d 638 (1990). Instead, the substance of the document must be examined. See *People ex rel. Ryan*, 216 Ill. App. 3d at 688. Here, the substance of plaintiff's motion and his amended complaint together established that an emergency existed because the statute of limitations was to expire six days from the filing of the amended complaint. This fact was sufficient to show the necessity and the materiality of the amendment. However, the amended complaint also alleged that Dr. Pho, rather than Dr. Charnoud, was plaintiff's treating physician on October 14, 1996. The amendment was necessary and material because the amendment added the proper defendant. The initial defendant, Dr. Charnoud, had in fact a motion pending attacking the complaint for failure to name the proper defendant. The fact that three working days remained before the running of plaintiff's statute of limitations is not dispositive of whether an emergency existed.

Another factor to consider is that Dr. Pho was served with a summons and complaint on October 14, 1998, the last day of the statute of limitations. The trial court indicated in its order that motions for leave to amend are routinely filed *ex parte*, so the court acknowledged that the emergency rules could apply. It is evident that the judge who granted plaintiff's *ex parte* motion to amend allowed plaintiff's motion as an emergency, since he granted the motion. Construing the evidence of record and the amendment in the light most favorable to plaintiff, and considering the substance of the amended complaint and plaintiff's motion for leave to amend, we find that plaintiff sufficiently established the existence of an emergency motion which could be heard *ex parte* and that local rules regarding emergency motions applied.

Since the local rules for emergency motions govern this case,

plaintiff was allowed to file his motion and have it heard *ex parte* without giving prior notice to the nonmoving parties. Plaintiff complied with the local rules by mailing written notice to the nonmoving parties the same day that the order granting leave to file the amended complaint was entered. Thus, plaintiff met the notice requirements of the local rules, and notice was given to the nonmoving parties.

It is noteworthy that Dr. Charnoud and the hospital waived any objections to the lack of notice on plaintiff's motion for leave to amend his complaint, by filing answers to plaintiff's amended complaint before Dr. Pho filed his motion to dismiss. Also, Dr. Charnoud obtained leave and filed an amended motion for summary judgment after plaintiff filed his amended complaint. These actions by Dr. Charnoud and the hospital waived any problem regarding notice to them.

The trial court also found that plaintiff's motion for leave to amend did not meet the form requirements set out in *First Robinson Savings & Loan*. With regard to what is "proper form" for a motion for leave to amend pleadings, section 2—620 of the Code of Civil Procedure states that the "form and contents of motions, notices regarding the same, hearings on motions, and all other matters of procedure relative thereto[ ] shall be according to rules." 735 ILCS 5/2—620 (West 1998). Defendant makes no argument that plaintiff failed to comply with the rules of procedure. Thus, without enumerating the various rules and their legal interpretation through case law, we find that plaintiff's motion for leave to amend complies with the rules, and any further requirements of *First Robinson Savings & Loan* are inapplicable.

Most importantly, we discern no prejudice to the nonmoving parties in allowing plaintiff's *ex parte* motion for leave to amend his complaint. Both Dr. Charnoud and the hospital were present at the hearing on Dr. Pho's motion to dismiss. They had an opportunity to raise objections to plaintiff's motion for leave to amend, and they did not object. In fact, both claimed they had no position on the issue. Because there was no prejudice to the nonmoving parties, there was no due process violation. The *ex parte* order granting plaintiff leave to file his amended complaint was valid, and plaintiff's amended complaint was properly filed. The trial court erred in finding that the prior order granting plaintiff leave to amend was void, and the court erred in granting Dr. Pho's motion to dismiss. We reverse the trial court and remand this case for further proceedings.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Marion County granting Dr. Pho's motion to dismiss plaintiff's com-

plaint is reversed, and this case is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

WELCH and CHAPMAN, JJ., concur.