2023 IL App (1st) 220653-U

FIRST DISTRICT,
FIRST DIVISION
August 21, 2023

Nos. 1-22-0653, 1-22-0654, 1-22-0655, 1-22-0656 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS FOR ORDER OF JUDGMENT AND SALE, ET AL | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. Nos. 2018COTD004235, 2018COTD004236, |
| (Village of Maywood, Petitioner-Appellant, v. LLC 1 07CH12487, Respondent-Appellee). | ) ) ) ) ) ) ) ) | 2018COTD004237, & 2018COTD004238 Honorable Paul Karkula, Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1        *Held*:   (1) Failure to obtain leave of court to file amended tax deed petition did not deprive circuit court of jurisdiction to adjudicate said petition. (2) Tax deed petitioner's failure to obtain leave of court to extend the period of redemption after filing a tax deed petition did not render subsequently issued tax deeds void.

¶ 2        LLC 1 07CH12487 ("respondent") filed a section 2-1401 petition to void tax deeds

issued to the Village of Maywood ("Village") regarding properties to which respondent held

legal title. Respondent alleged the tax deeds were void because the Village failed to obtain leave of court to file an amended tax deed petition and to extend the period of redemption. The circuit court granted summary judgment to respondent. For the reasons that follow, we reverse.

¶ 3                                                    BACKGROUND

¶ 4        The subject property, located at 415 Roosevelt Road in Maywood, Illinois ("property")[1], is commercial property with a "vacant and abandoned" structure and a paved lot. Due to nonpayment of taxes for 2011, the property was offered for sale at the 2013 Cook County annual tax sale, but it was not sold and was forfeited to the State of Illinois. Cook County purchased the delinquent taxes and was issued a tax certificate which it assigned to the Village on February 27, 2018.

¶ 5        The original period of redemption was set to expire on June 12, 2018. Prior to filing any petition for tax deed, the Village extended the period of redemption twice: once on May 1, 2018, to June 12, 2018, and again on May 30, 2018, to December 12, 2018. On July 13, 2018, the Village filed its initial petition for tax deed, alleging that it was "entitled to the issuance of a tax deed if [the property] is not redeemed *** within the time allowed by law."

¶ 6        Pursuant to section 22-10 of the Property Tax Code (Code) (35 ILCS 200/22-10 (West 2016)),

> "[a] purchaser or assignee shall not be entitled to a tax deed *** unless, not less than 3 months nor more than 6 months prior to the expiration of the period of redemption, he or she gives notice of the sale and the date of the expiration of the period of redemption to the owners, occupants, and parties interested in the property."

---

[1] This appeal was consolidated with three other appeals filed by the Village, each concerning a different parcel of real property that was subject to the tax sale and tax certificate of purchase issued to the Village. The legal issues are identical in each case. For purposes of clarity, we shall refer only to the property that is the subject of the initial appeal.

Since the property's redemption date was December 12, 2018, the statutory period for providing section 22-10 notices ran from June 12 to September 12, 2018. On August 8, 2018, the Village delivered the requisite notices to the clerk of the circuit court to be sent by certified mail to the relevant parties. On September 24, 2018, the Clerk's Office sent the Village an email advising that the notices had not been "mailed out by the Clerk's Office in a timely manner." It is undisputed that the Clerk's office mailed the notices on September 18, 2018, six days after the statutory period ended.

¶ 7     On October 2, 2018, despite the fact that the original petition for tax deed had been filed on July 13, 2018, the Village unilaterally extended the redemption date to March 12, 2019 without leave of court. On November 19, 2018, the Village unilaterally extended the redemption date again to March 30, 2019. On November 30, 2018, the Village filed a pleading styled "Amended Petition for Tax Deed" stating that it would be entitled to the issuance of a tax deed if the property was not redeemed by the extended redemption date of March 30, 2019. It is undisputed that the Village did not request or obtain leave of court to file an amended petition. The Village additionally directed that statutory notices be sent to all interested parties reflecting the extended period of redemption and the filing date of the amended petition.

¶ 8     The property was not redeemed by March 30, 2019. Following a hearing, on August 26, 2019, the circuit court issued an order directing the issuance of a tax deed to the Village for the property. The Cook County Clerk issued a tax deed to the Village on the same day.

¶ 9     On November 18, 2019, respondent filed the petition which is the subject of the instant appeal, styled as a "Petition to Void Order Directing Issuance of Tax Deed" under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). Respondent raised two contentions of error: First, the Village failed to obtain leave of court to file its Amended Petition

for Tax Deed. Citing *In re Estate of Zander*, 242 Ill. App. 3d 774, 776 (1993), respondent argued that "[a]mendments filed without leave of court are said to be a nullity which should be stricken." According to respondent, the amended petition was "a nullity," there was no valid petition pending, and the circuit court lacked jurisdiction to issue a tax deed.

¶ 10 Respondent also argued that the Village had failed to obtain leave of court to extend the period of redemption, in violation of section 21-385 of the Code. 35 ILCS 200/21-385 (West 2018). Finally, respondent argued that the section 22-10 notices sent out in connection with the Village's Amended Petition for Tax Deed (which reference the extended period of redemption) were "invalid[]."

¶ 11 The parties filed cross-motions for summary judgment. On April 13, 2022, the trial court granted summary judgment to respondent, stating:

> "It appears to me that the Village of Maywood just kind of unilaterally decided to change the whole procedure here, and you can't do that. If I allow you to continue to do that back and forth, back and forth, it wouldn't make any sense because people are left in the dark. Without leave of Court and proper procedure everyone has to do on my call. I will grant LLC1's petition and—rather their motion, and that's that basically."

Subsequently, on May 6, 2022, the trial court entered an order finding that the August 26, 2019 order for tax deed and the subsequent tax deed granted to the Village were void.

¶ 12 ANALYSIS

¶ 13 We review the trial court's grant of summary judgment *de novo* (*Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008)), keeping in mind that summary judgment is appropriate where "there is no genuine issue as to any material fact and *** the moving party is entitled to a judgment as a

matter of law" (735 ILCS 5/2–1005(c) (West 2018)) and construing the record strictly against the movant and liberally in favor of the nonmoving party.

¶ 14 Normally, the grounds for section 2-1401 relief in tax deed proceedings are limited to those enumerated in section 22-45 of the Code, namely, proof that (1) the taxes were paid prior to sale, (2) the property was exempt from taxation, (3) the tax deed was procured through the tax purchaser's fraud or deception, or (4) the owner "was not named as a party in the publication notice as set forth in Section 22-20, and *** the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22-10 through 22-30." 35 ILCS 200/22-45 (West 2018). Respondent does not allege that any of these grounds for relief exist. Rather, respondent relies on the language of section 2-1401 stating that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2018). See also *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002) ("[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court" (internal quotation marks omitted)).

¶ 15 The Village's Amended Petition

¶ 16 Respondent argues that the circuit court's tax deed order is void because the Village's amended petition, filed without leave of court, was "a nullity" and, without a valid petition pending, the circuit court lacked jurisdiction to issue a tax deed. Illinois law does not support this proposition. On the contrary, "[t]he idea that the filing of an amended [pleading] was a void act ***, was a nullity, and constituted error that was 'jurisdictional' has been rejected by this court." *Fischer v. Senior Living Properties, L.L.C.*, 329 Ill. App. 3d 551, 555 (2002).

¶ 17      In *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 353-55 (1998), our supreme court found that a party's failure to gain leave to amend its complaint to add a prayer for prejudgment interest did not deprive the circuit court of jurisdiction to award such interest. The *Ragan* court reasoned that interpreting the failure to obtain leave to amend as a jurisdictional defect would frustrate the liberal pleading provisions in the Code of Civil Procedure aimed at doing justice between the parties despite technical defects in the pleadings. *Id.* at 354; see also *VC & M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 22 (reaffirming *Ragan*).

¶ 18      Respondent argues that *Ragan*'s jurisdictional analysis is mere *dicta* because the court did not rely solely upon that analysis, but also found that the defendant waived its jurisdictional argument by failing to raise it in the trial court. *Id.* at 355. However, it is well established that "an expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause," is a judicial *dictum* that is "entitled to much weight." *Exelon Corp. v. Dep't of Revenue*, 234 Ill. 2d 266, 277-78 (2009); see also *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 237 (2010) ("Our opinion on this matter can hardly be considered an 'aside' and, if a *dictum*, is a judicial *dictum*. Accordingly, it is entitled to much weight and should be followed unless found to be erroneous"). Similarly, the *Ragan* court's detailed analysis of the jurisdictional issue can hardly be considered an "aside" and is entitled to much weight. Subsequent appellate court cases have followed *Ragan* in holding that failure to obtain leave to amend a pleading does not deprive the circuit court of jurisdiction over the controversy. See, *e.g.*, *Fischer*, 329 Ill. App. 3d at 555; *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 841 (2010).

¶ 19      In support of its argument that the Village's amended filing was "a nullity," respondent relies primarily on the 1993 case of *Zander*, in which Zander's estate appealed the trial court's

ruling in favor of the Department of Public Aid, arguing that "the amended claim, on which the trial court granted judgment, was a nullity, since the Department failed to seek leave of court to file it." *Zander*, 242 Ill. App. 3d at 776. In this context, the *Zander* court stated: "Amendments filed without leave of court are said to be a nullity which should be stricken." *Id.* However, the court did not find the amendment to be a nullity but held that the estate waived any such claim by failing to raise it in the trial court. *Id.* at 777. Citing section 2-616 of the Code of Civil Procedure, which provides that "[a]t any time before final judgment amendments may be allowed on just and reasonable terms" (735 ILCS 5/2-616 (West 2018)), the court explained that "[t]he provisions of section 2-616 *** requiring leave of court are directory, not mandatory, and accordingly may be waived by the parties. An adverse party is not harmed by a failure to obtain leave if there is no element of surprise or prejudice because of that failure." *Zander*, 242 Ill. App. 3d at 777. Thus, *Zander* does not support the proposition that an amended petition filed without leave of court is a nullity. Moreover, any such holding would be overruled by our supreme court's decision in *Ragan*.

¶ 20        Although we do not condone the Village's failure to obtain leave of court before amending its petition, it is well established that "[a]n order is rendered void not by error or impropriety but by lack of jurisdiction by the issuing court." *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983). As our supreme court has explained, "a tax-sale proceeding is *in rem* and the court acquires jurisdiction over the land when the county collector makes his application for judgment and order for sale." *Id.* Once acquired, the court retains jurisdiction to issue all necessary orders to effectuate the tax sale and to issue tax deeds. *Id.* Since, as discussed, the Village's failure to obtain leave to file its amended petition did not

render its petition "a nullity," the circuit court retained jurisdiction to hear the amended petition and issue tax deeds for the subject property.

¶ 21                            Extending the Period of Redemption

¶ 22        In the trial court, respondent raised a second ground for voiding the Village's tax deed order, namely, that after filing its petition for tax deed, the Village extended the period of redemption without first obtaining leave of court. Section 21-385 of the Code, which governs extensions to the period of redemption, provides:

        "The purchaser or his or her assignee of property sold for nonpayment of general taxes or special assessments may extend the period of redemption at any time before the expiration of the original period of redemption, or thereafter prior to the expiration of any extended period of redemption, for a period which will expire not later than 3 years from the date of sale[.] *** If prior to the expiration of the period of redemption or extended period of redemption a petition for tax deed has been filed under Section 22-30, upon application of the petitioner, the court shall allow the purchaser or his or her assignee to extend the period of redemption after expiration of the original period or any extended period of redemption, provided that any extension allowed will expire not later than 3 years from the date of sale." 35 ILCS 200/21-385 (West 2018).

¶ 23        Here, after filing its petition for tax deed, the Village unilaterally extended the period of redemption on two occasions without making an application to the court. The trial court clearly considered this to be in contravention of section 21-385, stating that the Village "just kind of unilaterally decided to change the whole procedure here" and, as a result, "people are left in the dark." The court's statements are consistent with the language of the statute, which provides that

"[i]f *** a petition for tax deed has been filed," an extension of the period of redemption shall be granted by the court "upon application of the petitioner." *Id.*

¶ 24    However, assuming *arguendo* that the Village violated section 21-385, this procedural impropriety does not render the tax deed order void. See *Vulcan*, 96 Ill. 2d at 165 ("An order is rendered void not by error or impropriety but by lack of jurisdiction by the issuing court"). As discussed, the court in a tax sale proceeding acquires *in rem* jurisdiction over the land when the county collector makes his application for judgment and order for sale, and thenceforth retains jurisdiction to issue all necessary orders to effectuate the tax sale and to issue tax deeds. *Id.* At most, the Village's procedural impropriety would render the trial court's order voidable, but not void, as would be necessary for respondent to obtain relief under section 2-1401. See 735 ILCS 5/2-1401(f) (West 2018) ("[n]othing contained in this Section affects any existing right to relief from a *void* order or judgment" (emphasis added)).

¶ 25                                    Notice

¶ 26    As an alternative ground for affirming the trial court's judgment, respondent argues, for the first time on appeal, that the amended petition and the resulting tax deed are void because the Village did not notify respondent of the filing of the amended petition. Citing *In re Custody of Ayala*, 344 Ill. App. 3d 574, 586 (2003), respondent argues that "due process of law requires that a party be accorded procedural fairness, *i.e.* given notice and an opportunity to be heard. [Citation.] Parties who have properly appeared in an action are entitled to notice of any impending motions or hearings."

¶ 27    Although the Village did not notify respondent of the filing of the amended petition, the record reflects that it subsequently sent respondent statutory notices advising that "THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES," that the period of redemption

would expire on March 30, 2019, and that a petition had been filed for a tax deed which would transfer title and right to possession of the property if redemption was not made by March 30, 2019. Respondent was further advised that redemption could be made at any time prior to March 30, 2019 by applying to the County Clerk of Cook County and that the matter was set for hearing on April 5, 2019. Thus, respondent was advised of the impending loss of its property if not redeemed within the period of redemption and given an opportunity to appear and be heard at the April 5 hearing.

¶ 28    More importantly, respondent provides no support for its assertion that, in a tax deed proceeding, a tax purchaser's failure to notify a property owner of the filing of an amended petition renders the trial court without jurisdiction to issue a tax deed. *Ayala*, 344 Ill. App. 3d 574, which involves a custody dispute, is inapposite. Pursuant to *Vulcan*, 96 Ill. 2d at 165, the trial court retained jurisdiction to issue the tax deed notwithstanding the Village's alleged procedural impropriety.

¶ 29    Respondent finally argues that the Village's statutory notices were inadequate because they referenced only the filing date of the amended petition and not the filing date of the original petition. Respondent cites no authority for the proposition that the Village was required to reference the filing date of its original petition in its notices and has therefore forfeited this contention. See *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19 (appellant forfeited issue by failing to cite legal authority).

¶ 30                                CONCLUSION

¶ 31    For the foregoing reasons, we find that the circuit court had jurisdiction to enter the orders directing issuance of tax deeds to the Village. We reverse the judgment of the circuit court granting summary judgment in favor of respondent on grounds that the tax deeds issued to the

Village were void. This matter is remanded to the circuit court for the entry of orders consistent with this decision.

¶ 32        Reversed and remanded.