In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2370

DANIELLE ORR, as administrator of
the estate of DANIEL ORR, *et al.*,

*Plaintiffs-Appellants*,

*v.*

ASSURANT EMPLOYEE BENEFITS, agent
for UNION SECURITY INSURANCE
COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:13-cv-05535 — **Matthew F. Kennelly**, *Judge.*

ARGUED DECEMBER 4, 2014 — DECIDED MAY 19, 2015

Before BAUER, RIPPLE, and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiffs-appellants, Danielle and
Hailey Orr, are the daughters of Daniel Orr, who died in a
motorcycle accident on August 7, 2012. As Daniel Orr's
beneficiaries, Danielle and Hailey filed claims seeking benefits
payable under a Group Life Insurance Policy No. G 5459403

governed by the Employment Retirement Income Security Act ("ERISA"), which Union Security Insurance Company ("USIC")[1] issued to Daniel Orr's former employer, Modern Group of Companies, LLC. The Policy provided accidental death and dismemberment benefits to a participant and his beneficiaries, subject to certain limitations and exclusions. One such exclusion is for a loss resulting "directly or indirectly from … intoxication[.]"

On December 10, 2012, USIC notified the Orrs, via letter from "Life Claims Specialist" Terri Steen, that it had denied their claim for accidental death benefits on the ground that Daniel Orr's death resulted from his intoxication. The letter explained that autopsy and toxicology reports revealed that Daniel Orr's blood alcohol level at the time of the accident exceeded the legal limit and that USIC's medical consultant opined that Daniel Orr "would have been impaired in attention, coordination, and balance," as a result. The letter also advised the Orrs of their right to seek review of the decision and provided Ms. Steen's contact information should the Orrs have any questions or concerns regarding the claim denial review process.

Enclosed with the letter was a copy of USIC's Life Claims Denial Review Procedure. This document immediately informs the claimant, in boldfaced, all-caps print, that a request for review must be submitted in writing and within sixty days of

---

[1] Assurant Employee Benefits is USIC's agent. We, like the district court, refer to defendant-appellee as USIC because that is how the defendant-appellee refers to itself.

receipt of the written notice of denial. It goes on to describe a two-level process of review:

> "First Review: If you request a review of our decision, your claim will be reviewed by an individual not previously involved in the decision to deny your claim. The reviewer will either overturn or uphold the denial. You will be notified of this decision in writing … ."

> "Second Review: If your claim is denied after your initial request for review, you may request another review of our decision. Your request for review would then be forwarded to a manager in the Life Claims area or to the Life Claims Appeals Committee. The decision of that manager or committee is the final level of administrative review available."

Immediately thereafter, the document informs the claimant of his or her right to bring a lawsuit and warns the claimant of the peril of filing suit prior to completing USIC's claims denial review process:

> "If your claim is denied by our Life Claims Appeals Committee or Life Claims Manager as part of the Second Review described above, you have the right to bring a civil action under section 502(a) of the Employee Retirement Security Act of 1974, if your claim is governed by this Act. If you do not complete both the first and second review before filing a lawsuit, a court can dismiss your lawsuit."

Lastly, the document encourages the claimant to call USIC if he or she has any questions regarding the claims denial review process.

On February 5, 2013, the Orrs sent USIC a letter bearing the title "NOTICE OF INTENTION TO OPPOSE DENIAL OF POLICY PROCEEDS." The letter stated, "[t]his letter is intended to qualify as a First Review of the denial of benefits" as set out in USIC's "Life Claims Denial Review Procedure[.]" The Orrs did not contest the initial claim denial in this letter, but instead requested documents relevant to the claim and an extension of time to obtain and submit additional written materials. USIC responded on February 13, 2013, in a letter acknowledging the Orrs' document request and granting them a thirty-day extension to finalize their appeal. Two days later, USIC sent the Orrs the requested documents.

The Orrs then sent a letter dated March 11, 2013, to USIC. This letter was entitled "NOTICE OF FILING APPEAL (2nd Level) OF DENIAL OF POLICY PROCEEDS," and, unlike their February 5 letter, this letter argued at length that USIC had improperly applied the intoxication exclusion to deny the Orrs' claim for accidental death benefits. USIC denied the Orrs' appeal on May 14, 2013, via a letter from USIC "Appeals Specialist" Lee S. Watkins. This letter described the basis for the denial and stated, "[i]f you disagree with the decision and wish to request a review, please submit a written statement indicating why you believe the decision is incorrect … within 60 days after your receipt of this letter." In closing, the letter provided Mr. Watkins' contact information, should any questions arise. Included with the letter was another copy of the USIC's Life Claims Denial Review Procedure. Again, the

procedure advised the Orrs that either a Life Claims Manager or a Life Claims Appeals Committee would decide their second appeal and warned that if the Orrs filed a lawsuit before completing this second level of review, "a court [could] dismiss [their] lawsuit."

On July 15, 2013, the Orrs sent USIC a letter presenting further challenges to the denial of their claim. In this letter, the Orrs asserted that they had already complied in full with USIC's review procedure; the Orrs characterized their February 5 letter as a "first level of appeal" and their March 11 letter as "the second level of appeal." Yet, at the same time, the letter acknowledged that USIC's May 14 letter held additional appeal rights available to them. Accordingly, the Orrs went on to describe the grounds for disputing the claim denial, including a challenge to the reasoning set forth in USIC's May 14 letter. In closing, the Orrs' attorney stated that he was in the process of investigating the facts of the case further, and that he "expect[ed] to have more probative information available" if the investigation proved successful.

The Orrs never provided USIC any further information. Rather, four days later, on July 19, 2013, and before USIC had responded to their July 15 letter, the Orrs filed a lawsuit in the Circuit Court of LaSalle County, Illinois.

USIC, unaware of the Orrs' lawsuit at the time, responded to the Orrs' July 15 letter with a letter dated July 23, 2013. USIC's response stated as follows:

> "I have received your second appeal for accidental benefits … . In your letter, you indicate that you plan to send additional documentation. Please

advise by what date you will be submitting your documentation, so that I may schedule the Life Claims Appeal Committee's review accordingly."

On July 24, 2013, one day later, USIC was served with the Orrs' lawsuit. USIC promptly removed the suit to the Northern District of Illinois, and the parties filed cross-motions for summary judgment. The district court granted USIC's motion and denied the Orrs' motion on the ground that the Orrs failed to exhaust their administrative remedies with USIC prior to filing suit. The district court then entered final judgment against the Orrs. This appeal followed.

## I. DISCUSSION

We review a district court's grant of summary judgment *de novo*. *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 649 (7th Cir. 1996) (stating the standard of review in ERISA context). Summary judgment is appropriate when there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where, as here, the district court was faced with cross-motions for summary judgment, our review requires that we construe all facts and inferences in favor of the party against whom the motion under consideration is made—in this case, the Orrs. *See Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998).

The Orrs first argue that the district court erred in granting summary judgment to USIC on the ground that they failed to exhaust their administrative remedies. The Orrs claim that they, not USIC, are entitled to summary judgment on the issue of exhaustion. After reviewing the record, we agree with the

district court that the Orrs failed to exhaust their administrative remedies prior to filing suit.

As discussed above, USIC's Life Claims Denial Review Procedure requires that a claimant seeking review of a claim denial complete two levels of internal review prior to filing a lawsuit. In the district court, the Orrs maintained that a first level review occurred on December 10, 2012—the same day that USIC notified the Orrs that it had denied their claim for accidental death benefits—and that a second level review occurred on May 14, 2013. We agree with the district court's determination that there is no basis in the record to support the Orrs' contention that they filed for a first level review on December 10, 2012. To begin with, USIC's Life Claims Denial Review Procedure unmistakably requires a party seeking review to submit a request for review *in writing*. The record does not contain any written request for review from the Orrs on December 10, 2012, nor is there any indication that any documentation is missing from the record. Second, as the district court noted, it is difficult to imagine how the Orrs possibly could have filed for a first level review on the very date their claim was initially denied. Lastly, the Orrs' February 5, 2013, letter, which is entitled "NOTICE OF INTENTION TO OPPOSE DENIAL OF POLICY PROCEEDS" and states, "[t]his letter is intended to qualify as a First Review of the denial of benefits[,]" entirely belies their argument that a first level review occurred on December 10, 2012. The Orrs do not claim that USIC completed a review of the denial of their claim for accidental death benefits subsequent to May 14, 2013. Instead their July 15, 2013, letter, which USIC considered to be an application for a second level of review, remained pending

on July 19, 2013, when the Orrs filed suit. Accordingly, the district court did not err in determining that the Orrs came close to exhausting their administrative remedies, but abandoned administrative review before completing it in favor of a lawsuit.

Perhaps recognizing the futility of their argument before the district court, the Orrs claim for the first time on appeal that a first level of review occurred October 1, 2012. Not only is this argument waived, *see Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 509 (7th Cir. 2013) ("A party 'waive[s] the ability to make a specific argument for the first time on appeal when the party fail[s] to present that specific argument to the district court, even though the issue may have even before the district court in more general terms.'" (quoting *United States v. Ritz*, 721 F.3d 825, 828 (7th Cir. 2013)), it is also entirely without merit. The October 1, 2012, document that the Orrs point to as constituting an application for a first level of review is an email to USIC from Sandy Panzero, an employee of Daniel Orr's former employer who assisted the Orrs in filing their initial claim for benefits. This email states in full: "Attached you will find a life insurance claim for Daniel Orr. Please let me know if you have any questions." It is difficult to imagine how the Orrs, or rather how their attorney, could possibly contend that this email constitutes an application for review of the denial of their claim for accidental death benefits. Moreover, "a review" presupposes an underlying decision to review—the record plainly shows that the Orrs did not receive notice that USIC had denied their claim for accidental death benefits until December 10, 2012. All in all, we agree with the district court

that the Orrs failed to exhaust their administrative remedies with USIC before filing suit.

The Orrs next claim that, even if they failed to exhaust their administrative remedies, their failure to exhaust should be deemed excused. Although ERISA's text is silent on the issue, we have long held that the decision to require exhaustion as a prerequisite to bringing suit is a matter within the sound discretion of the trial court. *Kross v. Western Electric Co., Inc.*, 701 F.2d 1238, 1244 (7th Cir. 1983); *Powell v. A.T. & T. Commc'ns, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991). This determination—whether to excuse or not excuse the exhaustion requirement—will only be disturbed on appeal if the lower court has clearly abused its discretion. *Edwards v. Brigg & Stratton Ret. Plan*, 639 F.3d 355, 361 (7th Cir. 2011).

Generally, a failure to exhaust administrative remedies will be excused in few limited circumstances—when resort to administrative remedies would be futile, *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000), when the remedy provided is inadequate, *id.,* or where there is a lack of access to meaningful review procedures, *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012). The Orrs do not claim that further pursuit of administrative review would have been futile, that the administrative remedy sought is inadequate, or that they were denied access to meaningful review procedures. Rather, the Orrs raise a number of novel grounds on which they believe the exhaustion requirement should be deemed excused. Although none of these arguments are persuasive, we will briefly address each in turn.

First, the Orrs appear to contend that their failure to exhaust should be excused because they filed suit merely to avail themselves of the court's subpoena power in order to obtain further discovery. The Orrs provide no case law supporting this contention, nor did we find any such authority in the course of our independent research. In any event, this argument fails because it is simply at odds with the exhaustion requirement itself.

Second, the Orrs claim that exhaustion should be deemed excused because they misinterpreted USIC's Life Claims Denial Review Procedure as requiring that they file suit sixty days after May 14, 2013—the date on which USIC denied what the Orrs considered to be their second appeal. This argument is also unpersuasive. USIC's Life Claims Denial Review Procedure document is clear and straightforward—it refers to the sixty-day deadline only in reference to appealing the *claim denial*; the section entitled "Right to Bring a Lawsuit" does not impose any temporal limitation on the claimant. *See Gallegos*, 210 F.3d at 810 ("We interpret an ERISA plan summary with its plain meaning as understood by an average person."). We will not penalize USIC for the Orrs' attorney's claimed misinterpretation of these straightforward policies.

Third, the Orrs claim USIC improperly layered additional appeal levels into the claims review process, or otherwise frustrated the Orrs' efforts to comply with this process. According to the Orrs, USIC's July 23, 2013, letter stated that USIC "would not send the [Orrs'] case to the Appeals Committee until claimants provided additional information that [USIC] claimed was promised" in the Orrs' July 15, 2013, letter. USIC's July 23, 2013, letter did no such thing. In their July 15, 2013,

letter, the Orrs described in detail the grounds for disputing the claim denial and, in closing, stated that they had "retained a forensic pathologist to support [their] position" and that they "expect[ed] to have more probative information available if … successful in the efforts to uncover facts of the case that have not been disclosed or discussed to date." USIC's July 23, 2013, response letter merely acknowledged receiving the Orrs' second appeal and stated: "In your letter, you indicate that you plan to send additional documentation. Please advise by what date you will be submitting your documentation, so that I may schedule the Life Claims Appeal Committee's review accordingly." This is an entirely reasonable response to the representations made by the Orrs in their July 15 letter. USIC did not improperly layer an additional level of appeal into the claim review process, nor did it in anyway impede or refuse to consider the Orrs' second appeal; if anything, USIC was attempting to aid the Orrs by not deciding their second appeal until they had submitted all the documentation that they desired to submit.

Lastly, the Orrs assert that USIC had an affirmative duty to inform them of any deficiency in the number of levels of appeal that they submitted, but since this argument was not presented to the district court, it is waived on appeal. *See, e.g.*, *Kunz v. DeFelice*, 538 F.3d 667, 681 (7th Cir. 2008) ("Failure adequately to present an issue to the district court waives the issue on appeal.").

## II.  CONCLUSION

For all of the aforementioned reasons, the district court's grant of summary judgment on behalf of USIC is AFFIRMED.