In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1491

UNITED CENTRAL BANK, a Texas
banking association, as successor of
Mutual Bank,

*Plaintiff-Appellant*,

*v.*

KMWC 845, LLC, a Wisconsin
limited liability company, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:11-cv-00693-LA — **Lynn Adelman**, *Judge.*

ARGUED JANUARY 21, 2015 — DECIDED AUGUST 28, 2015

Before BAUER, FLAUM, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-appellant, United Central
Bank ("UCB"), commenced this diversity action asserting three
counts of mortgage foreclosure, one count for each of the three
mortgages it sought to foreclose on. UCB named a number of
entities as defendants in its complaint, but only the following

defendants, appellees on appeal, actively defended suit: KMWC 845, LLC; CS MWC, LLC; BV Evergreen, LLC; BV Wells, LLC; and 523 West Wall Street, LLC (collectively, "appellees"). The parties filed competing motions for summary judgment. The district court granted UCB's motion for summary judgment and denied appellees' motion with respect to Counts II and III. As for Count I, the court granted appellees' motion for summary judgment and denied UCB's motion. UCB then filed a motion for reconsideration on Count I, which the district court denied.

UCB appeals the district court's grant of summary judgment for the appellees on Count I. It also appeals the district court's denial of its motion for reconsideration on Count I. Since the appellees have not filed a cross-appeal, only Count I is at issue in this appeal. For the reasons that follow, we affirm.

## I. BACKGROUND

The facts are not in dispute. In 2005, Mutual Bank of Harvey, located in Harvey, Illinois, made loans to the appellees. These loans were evidenced by promissory notes. As security for the loans, the appellees executed and delivered three different mortgages to Mutual Bank, which we refer to as Mortgages I, II, and III. Mortgage I applies to four properties, which are located in Appleton, Menasha, and Milwaukee, Wisconsin. Mortgage II applies to a property located in Grand Chute, Wisconsin. And Mortgage III applies to seven properties located in Milwaukee. In 2008, the appellees stopped making payments on the promissory notes and the notes went into default, where they remain today.

On July 31, 2009, regulators closed Mutual Bank, and the Federal Insurance Deposit Corporation ("FDIC") was appointed receiver. The FDIC, as receiver for Mutual Bank, entered into a Purchase and Assumption Agreement with UCB on that same day. By virtue of this agreement, UCB became the owner and holder of the notes and mortgages on the Wisconsin properties.

On July 20, 2011, UCB commenced this action, asserting three counts of mortgage foreclosure. UCB moved for summary judgment on each of these three counts. The appellees filed a competing motion for summary judgment, contending that UCB was barred from foreclosing on the mortgages because it was barred from enforcing the promissory notes that the mortgages secured. More specifically, the appellees argued that pursuant to the Illinois "single refiling" rule, *see* 735 ILCS 5/13-217, UCB was barred from enforcing the promissory notes underlying the mortgages since UCB had twice formerly filed an action against the appellees to recover on the notes and voluntarily dismissed each of these prior actions. For this reason—since UCB cannot maintain an action to enforce the underlying notes—the appellees contended that Illinois law barred UCB from foreclosing on the mortgages at issue.

The district court granted the appellees' motion for summary judgment and denied UCB's motion with respect to Count I. The court determined that the mortgage underlying Count I, Mortgage I, was governed by Illinois law and that UCB was precluded from foreclosing on Mortgage I because Illinois' single refiling rule barred UCB from enforcing the promissory notes that Mortgage I secured. The court granted UCB's motion for summary judgment and denied the appel-

lees' motion with respect to Counts II and III. The court found that Wisconsin law applied to Mortgages II and III and determined that, unlike Illinois law, Wisconsin law permitted UCB to foreclose on the mortgages.

UCB then filed a motion for reconsideration, arguing that the district court erred in applying Illinois law to Count I and Mortgage I. The district court denied UCB's motion, holding that UCB waived the argument that Wisconsin law applied to Mortgage I by failing to raise it prior to the court's summary judgment decision and order. This appeal followed.

## II. DISCUSSION

On appeal, UCB challenges the district court's grant of summary judgment in favor of appellees on Count I. It also challenges the district court's decision denying its motion for reconsideration on Count I. We begin by discussing the latter.

### A.  UCB's Motion for Reconsideration

After the district court issued its summary judgment order, UCB filed a motion for reconsideration challenging the court's grant of summary judgment to appellees on Count I. UCB claimed that Mortgage I (the mortgage underlying Count I) was governed by Wisconsin law, not Illinois law, and thus summary judgment should have been entered in its favor on Count I, as it was on Counts II and III. In support of its argument, UCB pointed out to the district court that, although an "amendment" to Mortgage I contains a choice-of-law provision selecting Illinois law, the original mortgage contains a choice-of-law provision selecting Wisconsin law. UCB contended that the court should have applied the original

mortgage's choice-of-law provision, not the mortgage amendment's choice-of-law provision. The district court denied UCB's motion, holding that UCB waived the choice-of-law argument. In so holding, the court noted that the appellees, in moving for summary judgment, argued that Illinois law applied to Mortgage I and that "UCB did not dispute that Illinois law applied to Mortgage I" at any stage in the summary judgment proceedings.

We review a district court's ruling on a motion for reconsideration only for abuse of discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). We will not upset the district court's ruling absent a showing that "no reasonable person could agree with the decision of the district court." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (internal quotations and citation omitted). As explained below, we find no abuse of discretion in the district court's disposition of UCB's motion for reconsideration.

On appeal, UCB contends that no waiver occurred because it cited to Wisconsin law in both its second amended complaint and motion for summary judgment. In its second amended complaint, UCB cites to two Wisconsin statutes: Wis. Stat. Ann. §§ 846.103 and 846.162 (West 2015). These statutes pertain to procedural aspects concomitant to foreclosure proceedings on Wisconsin properties; they do not speak to what state law governs Mortgage I. In its summary judgment motion, UCB cited to a single Wisconsin case for a general proposition of law. At no point, however, did UCB argue or assert that Mortgage I was governed by Wisconsin law. In fact, UCB's summary judgment motion is devoid of any choice-of-law discussion; UCB never claimed that it was the original mort-

gage's choice-of-law provision, not the mortgage amendment's choice-of-law provision, which determined the law applicable to its foreclosure claim on Mortgage I. The sole statement that UCB appears to have made regarding choice-of-law came in its response to the appellees' motion for summary judgment. In its response, UCB explicitly acknowledged that "[t]wo of the three mortgages"—Mortgages II and III—"contain provisions that provide Wisconsin law shall govern," thus implying that the third mortgage—Mortgage I—selected Illinois law. Furthermore, UCB did not cite a single Wisconsin case in its response to the appellees's motion for summary judgment; instead, it argued Illinois law throughout. In response to the appellees' contention that Illinois law applied to Mortgage I, UCB did not direct the district court's attention to the original mortgage choice-of-law provision, nor did it argue that the original choice-of-law provision should be applied instead of the mortgage amendment's choice of law provision. Plainly stated, UCB did not raise the arguments presented in its motion for reconsideration prior to the district court's summary judgment decision.

Accordingly, the district court did not abuse its discretion in determining that UCB "acquiesced in the application of Illinois law to its claim to foreclose Mortgage I" and, by doing so, waived the argument that Wisconsin law applies. *See Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) ("[D]eveloping an argument for the first time in a motion to reconsider is too late."); *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]ny arguments … raised for the first time in [a] motion to reconsider are waived." (citation omitted)); *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (explaining that a

litigant "is not entitled to get a free peek at how his dispute will shake out under Illinois law and, when things don't go his way, ask for a mulligan under the laws of a different jurisdiction"); *see also Int'l Administrators, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1376 (7th Cir. 1985). Thus, finding no error in the district court's denial of UCB's motion for reconsideration, we turn our attention to the district court's summary judgment decision.

## B. The District Court's Summary Judgment Decision

The district court determined that UCB could not foreclose on Mortgage I because the Illinois single refiling rule barred it from enforcing the promissory note underlying the mortgage. The court accordingly entered summary judgment in favor of the appellees on Count I. UCB appeals this decision. We review a district court's grant of summary judgment *de novo*. Summary judgment is appropriate when there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where, as here, the district court was faced with cross-motions for summary judgment, we must construe all facts and inferences in favor of the party against whom the motion under consideration is made—in this case, UCB. *See Orr v. Assurant Emp. Benefits*, 786 F.3d 596, 600 (7th Cir. 2015).

The Illinois single refiling rule provides that a plaintiff who dismisses a lawsuit "may commence a new action within one year or within the remaining period of limitation, whichever is

greater." *See* 735 ILCS 5/13-217.[1] Illinois courts interpret this language to mean that a plaintiff who voluntarily dismisses a lawsuit may commence only one new action within the statutorily imposed time limit. *See Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010). Once the plaintiff commences this one new action, any further action is barred. *See, e.g.*, *Timberlake v. Illini Hosp.*, 676 N.E.2d 636, 635–36 (Ill. 1997). In the present case, the district court found that UCB had formerly filed and voluntarily dismissed two actions in Illinois against the appellees for breach of the promissory note that Mortgage I secured. The court thus determined that, pursuant to the Illinois single refiling rule, UCB was statutorily barred from enforcing the note underlying Mortgage I.

UCB does not dispute that the Illinois single refiling rule precludes it from enforcing the note underlying Mortgage I. Rather, UCB argues that the Illinois single refiling rule does not bar it from foreclosing on Mortgage I because a mortgage foreclosure action is not the same cause of action as an action on the underlying note. This argument, although correct inasmuch as Illinois law considers a mortgage foreclosure action to be a separate cause of action from an action on the underlying note, misses the point. It does not matter that UCB's foreclosure action itself does not constitute an impermissible second refiling; what matters is, as the district court noted, that long-standing Illinois law precludes a plaintiff from

---

[1]  Section 13-217 appears in the statute books as amended. However, because the Illinois Supreme Court held that the act that amended § 13-217 was unconstitutional, the unamended, pre-1995 version of § 13-217 remains in effect. *See Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009).

foreclosing on a mortgage when an action on the underlying note is barred by the statute of limitations or another procedural rule. *See, e.g.*, *Hibernian Banking Ass'n v. Commercial Nat. Bank*, 41 N.E. 919, 922 (Ill. 1895) ("[I]t has been repeatedly decided by this court that the mortgage is a mere incident of the debt, and is barred when the debt it barred[.]"); *see also* Dale Joseph Gilsinger, Annotation, *Survival of Creditor's Rights Created by Mortgage or Deed of Trust as Affected by Running of Limitation Period for Action on Underlying Note*, 36 A.L.R. 6th 387 (2008) (collecting cases showing that the states are split on the question of whether a creditor can foreclose a mortgage when an action on the underlying note is barred). On the basis of this long-standing Illinois precedent, the district court determined that UCB could not foreclose on Mortgage I because it was barred by Illinois statute (the single refiling rule) from filing an action to enforce the note underlying Mortgage I. We find no error in this decision.

### III. CONCLUSION

For the aforementioned reasons, the district court's grant of summary judgment to the appellees on Count I and its denial of UCB's motion for reconsideration are AFFIRMED.